## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LEONARD FOLTZ, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Docket No. 04-219-B-W |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| *Defendant* ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question whether the commissioner properly found the plaintiff's allegedly disabling depression and anxiety were non-severe. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had the following medically determinable impairments: alcoholism, anxiety and depression, Finding 3, Record at 20; that absent his alcoholism, he had no impairment that significantly limited his ability to perform basic work-

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 2, 2005 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

related functions and hence no severe impairment, Finding 4, *id*.; and that he therefore was not under a disability at any time through the date of decision, Finding 5, *id*.[2]  The Appeals Council declined to review the decision, *id*. at 6-9, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85-28).

The plaintiff complains that the administrative law judge erroneously gave the opinion of a Disability Determination Services ("DDS") non-examining consultant controlling weight.  *See*

---

[2] Inasmuch as the plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through the date of decision, *see* Finding 1, Record at 20, there was no need to undertake a separate SSD analysis.

*generally* Statement of Specific Errors ("Statement of Errors") (Docket No. 10).  I find no reversible error.

## I. Discussion

The plaintiff's arguments implicate, at least tangentially, a provision of the so-called Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability."  *Bartley v. Barnhart*, 117 Fed. Appx. 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C).

That Contract with America directive was in turn incorporated into the agency's regulations, which provide in relevant part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b).

The Record contains three Psychiatric Review Technique Forms ("PRTFs") completed by DDS non-examining consultants.  In a PRTF dated August 28, 2002 Peter G. Allen, Ph.D., opined that, taking the plaintiff's alcohol use into consideration, his condition equaled Listing 12.09 (substance-

addiction disorders), *see* Record at 197, 205, but that absent his alcohol use, his anxiety and affective disorders would mildly restrict his activities of daily living, cause mild to moderate difficulties in maintaining social functioning and cause moderate difficulties in maintaining concentration, persistence or pace, *see id*. at 207.  Dr. Allen completed a mental residual functional capacity ("MRFC") assessment further detailing the extent of the plaintiff's limitations in the absence of alcohol use.  *See id*. at 197, 211-14.[3]

Next, in a PRTF dated June 9, 2003, Thomas A. Knox, Ph.D., found that the plaintiff's anxiety and affective disorders mildly restricted his activities of daily living, caused moderate difficulties in maintaining social functioning and caused moderate difficulties in maintaining concentration, persistence or pace.  *See id*. at 215, 225.  He, too, completed an MRFC.  *See id*. at 229-32.  He noted, *inter alia*: "Longitudinal view of the evidence in file indicates sig[nificant] hx [history] DAA [drug and alcohol abuse] contributing to functional deficits.  With abstinence from ETOH [alcohol], depression continues but is less debilitating.  DAA in remission now."  *Id*. at 228.[4]

Finally, Dr. Allen again reviewed the plaintiff's file, completing a PRTF dated September 25, 2003 in which he found the plaintiff's anxiety and affective disorders non-severe.  *See id*. at 233, 246. He observed that the plaintiff "appear[ed] to have stabilized well during the summer on meds" and that on August 22, 2003 he was noted to be "[p]leasant, relaxed" and wanting "to be seen monthly for medication monitoring."  *Id*. at 246.  He summarized: "Mental impairment appears to be nonsevere at this time."  *Id*.

Some time after the completion of Dr. Allen's second PRTF, the plaintiff submitted a number

---

[3] At oral argument, counsel for the commissioner contended that the plaintiff's reliance on the 2002 Allen PRTF and MRFC reports was misplaced inasmuch as they were prepared in connection with a prior application that had not been reopened.  One wonders why, under those circumstances, the reports were included in this Record; however, I need not decide whether recourse to such materials is permissible inasmuch as nothing turns on them in this case.
[4] For purposes of Step 2 Dr. Allen in his first PRTF and Dr. Knox effectively found the plaintiff's mental impairments severe, even *(continued on next page)*

4

of additional records detailing continuing mental-health treatment for the period from September 29, 2003 through May 19, 2004. *See id*. at 377-432. There is no indication that Dr. Allen or any other consultant reviewed those later submitted records. No mental-health expert testified at the plaintiff's hearing before the administrative law judge, held on July 14, 2004. *See id*. at 22.

In his decision issued September 10, 2004, the administrative law judge found as a threshold matter that alcoholism was a contributing factor material to determination of disability. *See id*. at 17, 24. He next found:

> [A]bsent [the plaintiff's] alcoholism the depression and/or anxiety is not a severe impairment. The claimant has complained of an inability to function well on the days that he is anxious/depressed. Treatment records noted when the claimant was abstaining from alcohol and was compliant with medications his symptoms of anxiety and depression were mild. The record noted that the claimant's medications worked well and overall he was able to cope well with school and his personal life.
>
> \*\*\*
>
> In reaching this conclusion, the undersigned Administrative Law Judge adopts the findings of Dr. Allen, the State Agency medical consultant at the reconsideration level regarding the claimant's abilities to do work-related activities. The Administrative Law Judge finds that Dr. Allen's opinion that the claimant['s] [mental impairments] are not severe as a result of his medically determinable impairment is supported by the medical evidence in the file and is not inconsistent with the other substantial evidence in the record. Thus, Dr. Allen's opinion is entitled to controlling weight.
>
> \*\*\*
>
> The undersigned finds the evidence received into the record after the reconsideration determination did not provide any new or material information that would alter any findings about the claimant's residual functional capacity[.]

*Id*. at 17-19.

The administrative law judge finally determined, in the alternative, that even if the plaintiff did have a severe anxiety condition he could return to past relevant work as a garbage collector inasmuch

_____

absent alcohol use. *See* 20 C.F.R. §§ 404.1520a(c)(4) & (d)(1)-(3), 416.920a(c)(4) & (d)(1)-(3).

as he retained the residual functional capacity ("RFC") to lift and/or carry up to one hundred pounds occasionally and fifty pounds frequently and to sit, stand and/or walk for a total of up to eight hours in an eight-hour day with normal breaks and had only one mental-health restriction, a need to avoid close personal contact with members of the public. *See id*. at 19-20.[5]

The plaintiff complains, as an initial matter, that the administrative law judge did not identify which of the two Allen PRTF reports he was relying upon. *See* Statement of Errors at 3. He suggests that, in any event, neither supports the administrative law judge's finding of non-severity absent alcohol abuse. *See id*. at 3-4. This is so with respect to the second PRTF, he posits, inasmuch as that PRTF made no mention whatsoever of the impact of alcohol abuse. *See id*. at 4.

These threshold plaints are without merit. There can be no doubt that in embracing Dr. Allen's "reconsideration" finding of non-severity, *see* Record at 18, the administrative law judge referred to his second PRTF, *see id*. at 57, 442. While, in that PRTF, Dr. Allen did not explicitly state that he was assessing the plaintiff's condition absent alcohol abuse, it is apparent that he was inasmuch as the plaintiff was then abstinent from alcohol. *See, e.g., id*. at 245 (noting four months' remission from alcohol abuse as of March 4, 2003).

The plaintiff next points out, correctly, that the administrative law judge erred in according the opinion of a non-examining consultant "controlling weight." *See* Statement of Errors at 4; Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004) ("SSR 96-2p") at 112 ("Although opinions from other acceptable medical sources may be entitled to great weight, and may even be entitled to more weight than a treating source's opinion in appropriate circumstances, opinions from sources other than treating sources can never be entitled to

---

[5] At oral argument, counsel for the commissioner agreed that the alternative Step 4 discussion, which is not reflected in the administrative law judge's official findings, *see* Record at 20, reasonably could be characterized as advisory. He did not rely on it in *(continued on next page)*

'controlling weight.'"). Nonetheless, the First Circuit has made clear that, in appropriate circumstances, the opinion of a non-examining consultant can constitute "substantial evidence" in support of an administrative law judge's finding. *See, e.g., Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted). Thus, to the extent the second Allen PRTF can be said to qualify as substantial evidence in support of the administrative law judge's Step 2 finding, his error in according it "controlling weight" is harmless.

The plaintiff does not, in so many words, argue that the second Allen PRTF cannot constitute substantial evidence of the Step 2 finding. *See generally* Statement of Errors. However, he effectively alludes to that point in asserting that the PRTF upon which the administrative law judge relied was at odds with other evidence of record, including the other two PRTFs and the later submitted treating-source evidence. *See id*. at 4-5. As the plaintiff suggests, *see id.* at 4, the later submitted records reveal that he continued to struggle with anxiety in the late fall of 2003 and the spring of 2004, *see, e.g.*, Record at 399 (noting on February 27, 2004: "Has returned to school. Reports having to leave class x 2 due to acute panic, but overall able to cope."), 418 (noting on December 19, 2003: "Leonard continues to struggle [with] acute anxiety."). Nonetheless, the administrative law judge offers a reasonable explanation for his view that those records (which Dr. Allen evidently did not see) contain nothing sufficiently new and material to call into serious question Dr. Allen's Step 2 finding. *See* Record at 17-19.

_____
defense of the administrative law judge's decision.

As the administrative law judge notes, *see id*. at 17-18, during the fall of 2003 and the winter/spring of 2004 the plaintiff's condition had improved to the point that he was able to enroll in and manage a full-time course of study at college, *see, e.g., id*. at 380, 399, 404, 408. Throughout this period, the plaintiff's treating practitioners continually adjusted his medication regimen to compensate for bouts of increased anxiety that accompanied his return to school. *See, e.g., id*. at 393, 398, 408, 412, 418, 422. However, by April 23, 2004, he reported that he had a strong positive response to Klonopin. *See id*. at 386. During a followup visit on May 19, 2004 – the most recent of record – he stated that he had been able to successfully complete the school year thanks to his medication. *See id*. at 380. His mood that day was reported to be "dsythymic" as a result of financial stress; however, he felt that his medications were managing his symptoms adequately and did not require adjustment at that time. *See id*. In short, while reasonable minds could disagree, the administrative law judge made a supportable finding that the later submitted evidence was not new and material. Dr. Allen's PRTF accordingly can serve as substantial evidence of the Step 2 finding even though he did not have the benefit of those later materials.[6]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the*

---

[6] In his Statement of Errors, the plaintiff also argued that the administrative law judge failed to specify which of his limitations "would remain if [he] stopped using drugs or alcohol, and then determine whether any or all of [those] remaining limitations would be disabling[,]" as contemplated by 20 C.F.R. §§ 404.1535(b)(2) and 416.935(b)(2). *See* Statement of Errors at 5-6. At oral argument, his counsel withdrew that point.

*objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge